[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER TO PREPARE AND VERIFY HEARING TRANSCRIPTS
Whereas the plaintiff, Joseph Keegan, has appealed to this CT Page 5118-TT Court under General Statutes § 31-249b from the decision of the Employment Security Board of Review ("Board") to reverse the decision of an appeals referee that he is entitled to receive unemployment compensation benefits from his former employer, the Internal Revenue Service; and
Whereas the gravamen of the plaintiff's appeal is that he was denied due process of law by the decisions of the appeals referee and the Board to restrict the evidence he could present on the questions of whether he had sufficient job-connected cause for voluntarily leaving his employment and whether he reasonably explored suitable alternative assignments with his employer prior to so leaving; and
Whereas the Board's decision that he had insufficient job-connected cause for voluntarily leaving his employment and that he failed to explore suitable alternative assignments with his employer prior to so leaving was based explicitly upon a review of the entire record before the appeals referee, including a tape recording of the testimony presented of that hearing; and
Whereas the Board's later decision to deny the plaintiff's motion to reopen, in which the plaintiff complained that he had been denied the right to present relevant evidence and/or to question adverse witnesses on the above-described issues before the appeals referee, was based expressly upon its review of the tape recording of the hearing in question, as well as the Board's knowledge of the manner in which it had conducted its own hearing on the employer's appeal from the referee's ruling, in which the plaintiff is said to have been given but refused to take advantage of the opportunity to present additional evidence in support of his claims on those issues; and
Whereas the Court's responsibility on this appeal is to review the entire record certified to it to determine if the decision here at issue is supported thereby; and
Whereas, in the exercise of its responsibility to conduct such a record review, the Court must have access to all parts of the record on which the Board itself ruled; and
Whereas, in view of the foregoing, access to tapes or transcripts of the hearings before the appeals referee and the Board is essential to the Court's review; and CT Page 5118-UU
Whereas, the Court is empowered, under Practice Book § 511A, "on request of a party to this action or on its own motion,
[to] order the board to prepare and verify to the court a transcript of the hearing before the referee in cases in which the board's decision was rendered on the record of such hearing, or a transcript of the hearing before the board in cases in which the board's decision was rendered on the record of its own evidentiary hearing[;]"
IT IS HEREBY ORDERED that the Employment Security Board of Review prepare and verify to the Court full transcripts both of the hearing before the appeals referee and of the hearing before the Board itself, in order that the Court might properly decide this case as the law requires.
Michael R. Sheldon, J.